## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                           CHAPTER 13 CASE NO.:

SHANNON NUNNALLY                                                                  21-11811-JDW

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #2)

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the voluntary petition (the "Petition"), Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1. The Debtor commenced this proceeding by filing a voluntary petition on September 27, 2021 (the Petition Date"). The Debtor filed a proposed Chapter 13 Plan (Dkt. #2) (the "Plan") on the Petition Date.

2. The Debtor is below median income, and the proposed term of the Plan is sixty (60) months. The Plan does not provide for a distribution to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is zero ($0).

3. The Debtor's Schedules fail to disclose all assets and liabilities as required by 11 U.S.C. § 521(a)(1)(B)(i); therefore, the requirement of §1325(a)(1) is not met. Specifically, the Debtor failed to disclose the indebtedness owed to Purchase Power and the collateral securing same.

4. The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and §521(e)(2)(A)(i) because the Debtor has failed to provide the Trustee with a copy of the Federal tax return for the 2020 tax year.

5.      Section 3.3 of the Plan fails to comply with 11 U.S.C. § 1325(a)(1). The Debtor is proposing to pay the claim of Title Max in full. According to the Proof of Claim filed by Title Max of Mississippi, Inc. ("Title Max") (Clm. #9-1), the claim is not secured by a purchase money security interest. Accordingly, the debt owed to Title Max is improperly listed in Section 3.3 of the Plan, and the Trustee is unable to administer the Plan due to this error.

6.      Section 3.3 of the Plan provides for the payment of two (2) vehicles. One of the vehicles is a 2014 Nissan Altima (the "Nissan Altima") that is not operable according to the Debtor's testimony at the Section 341(a) Meeting of Creditors. The Debtor is not married and has no dependents. As stated above, the Plan does not provide for a distribution to nonpriority unsecured claims. It is not necessary for either an effective reorganization or the maintenance of the Debtor and/or the Debtor's household to keep the Nissan Altima. Accordingly, the Trustee submits that the Plan has not been filed in good faith as required by §1325(a)(3).

7.      The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1325(a)(3). The Plan has not been proposed in good faith because the Debtor failed to provide for the treatment of the secured claim of the Mississippi Department of Revenue (Clm. #1-1). The form plan approved by this Court provides that "[t]he treatment of ALL secured and priority debts must be provided for in this plan."

8.      The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1322(a)(2) because it fails to provide for the treatment of the priority claim of the Internal Revenue Service (Clm. #6-1). The form plan approved by this Court provides that "[t]he treatment of ALL secured and priority debts must be provided for in this plan."

9. The Plan fails to comply with 11 U.S.C. §§ 1325(a)(9) and 1308. The Debtor has failed to file her 2018 and 2020 Federal tax returns according to the Proof of Claim filed by the Internal Revenue Service (Clm. #6-1).

10. The Debtor should timely remit all plan payments due under the Plan prior to the hearing, or the case should be dismissed for failure to comply with the proposed Plan.

11. For the reasons set forth herein, the Trustee submits that confirmation of the Plan should be denied, and the case should be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: November 8, 2021.

        Respectfully submitted,

        **LOCKE D. BARKLEY**
        **CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
        ATTORNEYS FOR TRUSTEE
        W. Jeffrey Collier (MSB 10645)
        Melanie T. Vardaman (MSB 100392)
        6360 I-55 North, Suite 140
        Jackson, MS 39211
        (601) 355-6661
        mvardaman@barkley13.com

**CERTIFICATE OF SERVICE**

    I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

    Dated: November 8, 2021.

    /s/ Melanie T. Vardaman
    MELANIE T. VARDAMAN